# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1897.

CROSS v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, *Appellant.*

### Division Two, October 18, 1897.*

1. **Evidence**: CHARACTER OF CONTRACT: QUESTION FOR JURY. Plaintiff was employed by the defendant as its attorney for Clinton county. He claimed the contract was that he was to receive $600 a year for his services. The defendant claimed that he was to be paid only for services actually done, at their reasonable value; that he was to send in accounts whenever he rendered the company any service, and if the amount claimed was reasonable it would be paid, and if he and defendant could not agree the matter was to be referred to defendant's general solicitor, and whatever amount he fixed upon was to be final. *Held,* that the issue was one of fact, and this court will not interfere with the verdict of the jury.

2. **Principal and Agent**: ADMISSIONS BY PLEADINGS AND INSTRUCTIONS. Defendant prayed the court to instruct the jury that plaintiff must show that Mr. Lathrop, the solicitor of defendant, had authority to contract with plaintiff. Defendant in its answer stated "defendant admits that it employed plaintiff to act as its local attorney in Clinton county" and in an instruction asked for by defendant it was

NOTE.—Decided May 11, and rehearing denied October 18, 1897.

(132)

stated "the defendant does not deny that it employed plaintiff to act as its attorney in Clinton county, nor does it deny that it owes the plaintiff for such services as he performed for it while acting as its attorney." *Held*, that Lathrop's authority to employ was admitted and plaintiff was not required to make proof thereof.

3. **Agency**: GENERAL AND SPECIAL. The facts of this case considered, and it is *held* under the law that Mr. Lathrop was the general agent of the defendant, and that plaintiff's employment being admitted by the answer, defendant is bound by the agreement which the jury found he made with plaintiff, nothwithstanding Lathrop may have had private instructions to make no contract like the one sued on.

4. **Appellate Practice**: LEAVE TO FILE ADDITIONAL AUTHORITIES. When counsel seek and obtain from this court leave to file "additional authorities" it is not meant that they shall file entirely new abstracts and briefs; when this courtesy is abused, the additional briefs will be ignored.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

*Spencer & Mosman* and *Thomas H. Morrow* for appellant.

(1) There was an absolute want of actual authority in Mr. Lathrop to have made the contract upon which plaintiff seeks to recover. *Boogher v. Ins. Co.*, 8 Mo. App. 534. (2) There is no evidence that Mr. Lathrop himself was anything more than a local agent. *Dozier v. Freeman*, 47 Miss. 660; *Hurley v. Watson*, 36 N. E. Rep. 727; *Hatch v. Taylor*, 10 N. H. 543; *Bank v. Kortright*, 22 Wend. 361; *Bryant v. Moore*, 26 Me. 87. (3) Mr. Lathrop in appointing plaintiff was acting under an express power, and plaintiff must be regarded as dealing with that power before him, and was bound at his peril to notice any limitations thereto presented, either by its own terms or by construction of law. Mechem on Agency, par. 273; *Stainback v. Read*, 11 Gratt. 288; *Craycroft v. Selvage*, 10 Bush. 708;

*Dozier v. Freeman, supra; Blackwell v. Ketcham,* 53 Ind. 186; *Mayberry v. Railroad,* 75 Mo. 493; *Railroad v. Apperson,* 97 Mo. 310. (4) If an authority is to be implied, it must be implied from facts which have occurred in the course of the employment, and not from mere argument as to the utility and propriety of its possession by the agent. *Howtayne v. Brown,* 7 Mees. & Wels. 599; *Burmester v. Norris,* 6 Exch. 802; *Stewart v. Woodward,* 50 Vt. 81; *Odiorne v. Maxey,* 13 Mass. 181. (5) When one deals with an agent and has notice of the agent's want of power, the principal is not bound. *Morris v. Watson,* 15 Minn. 216; *Ins. Co. v. Ins. Co.,* 4 Mo. App. 578. (6) The principal is not charged with notice of all acts done by its agent, but only with notice of those which are within the limits or scope of the power conferred. *Smith v. Sublett,* 28 Tex. 170. (7) When the question of authority of agents of a corporation is drawn in question it must be traced back to the board of directors. *Railroad v. McVay,* 98 Ind. 393; *Bates v. Bank,* 89 N. Y. 292. (8) The admission was only of an employment under the terms of Mr. Lathrop's letter of January 8 and was not an admission of employment upon terms which Mr. Lathrop had no authority to make. In order to determine the scope of the admission the whole answer must be observed and kept in view, and the admission is such as can be read from the answer as a whole and not otherwise. Detached portions of the answer can not be taken separately when it all applies to one subject-matter. It should be construed like any other instrument and like one entire conversation. *Thomson v. Austen,* 2 Dowl. & R. 358; *Trommell v. Bassett,* 24 Ark. 499; *People v. Murphy,* 39 Cal. 52; *Searles v. Thompson,* 18 Minn. 316; 1 Rice on Evid., p. 442.

*O. H. Dean, James Gibson, W. D. McLeod, Hale Holden, Thomas H. Parrish* and *Thomas J. Porter* for respondent.

(1) The employment of Mr. Cross by the defendant company is admitted in express terms in the answer. If he was employed the authority to employ must have existed, otherwise there could be no employment. (2) An agent binds his principal for everything within the apparent scope of his authority. *Alpha Mills v. Engine Co.*, 21 S. E. Rep. 917; *Hunter v. Jamison*, 6 Ired. 252; *Schram v. Strouse*, 28 S. W. Rep. 262; *Schwartz v. Morgan*, 163 Pa. St. 195; *Keim v. Lindley*, 30 Atl. Rep. 1063; *Glass v. Rowe*, 103 Mo. 513; *Singer Mfg. Co. v. McLead*, 16 S. W. Rep. 912; *Cox v. Albany Brew. Co.*, 58 Hun. 489; *Tice v. Russell*, 49 Minn. 66; *Liddell v. Sahline*, 55 Ark. 627; *State ex rel. v. Gates*, 67 Mo. 143; *Baker v. Railroad*, 91 Mo. 152; *Samuel v. Bartee*, 53 Mo. App. 587; Story on Agency, secs. 58, 59, 132; Mechem on Agency, 284, 350. (3) The stipulation of counsel can not be violated by the defendant. The stipulation between counsel as to what should be admitted in the conduct of this cause was presented for the first time in the court of appeals. The position taken now is against the stipulation. An attorney is not merely the agent of the court, but he is an attorney at law; he is in a very large sense the representative of the law in all judicial proceeding. He is not only an officer of the court licensed by it to appear before it in such proceeding, but is to a certain extent a public officer. *State v. Garesche*, 36 Mo. 256; *Osborn v. Bank*, 9 Wheat. 739; *Commissioners v. Younger*, 29 Cal. 147; *Bonnifield v. Thorp*, 71 Fed. Rep. 925; *Nichols & Co. v. Jones*, 32 Mo. App. 657; *Barlow v. Steel*, 65 Mo. 611.

GANTT, P. J.—This is an action at law for $1,250 alleged to be due plaintiff from defendant for legal services rendered by plaintiff to defendant in Clinton county, Missouri, from January 1, 1889, to December 31, 1890, at the agreed sum of $600 per year. The answer about which hangs the principal contention is in these words:

"Now comes the defendant and for answer to the petition of the plaintiff herein, admits that it is a corporation as in said petition charged, and that it employed plaintiff to act as its local attorney in Clinton county, in the State of Missouri, but defendant denies that it ever at any time agreed or promised to pay plaintiff a yearly or monthly salary of any sum or amount. On the contrary defendant avers and charges the fact to be that under the contract and agreement between plaintiff and defendant it was expressly agreed and understood that the compensation to be paid plaintiff for his services was dependent entirely upon the amount and value of services rendered by him; that he was to render from time to time an account of the services rendered and make a reasonable charge for the same, and in the event of any controversy between him and the defendant about the amount of any of his said charges, the same were to be referred to the then acting general solicitor of the defendant for final adjustment. Defendant states that plaintiff has failed and refused to render to defendant an itemized account of the services rendered by him in accordance with the terms of his said employment and the amount thereof has never been agreed upon between the plaintiff and defendant; that prior to this suit a controversy existed, and now exists, between plaintiff and defendant about the amount of his charges and that the general solicitor of defendant has never adjusted the amount due for plaintiff's said

services.    Defendant states that this was the only con-
tract ever entered into by it with plaintiff and it denies
each and every allegation in said petition contained not
expressly admitted.''

The reply to the answer of defendant is a general
denial.

The facts are simple.    John A. Cross, the plain-
tiff, is an attorney at law, residing at Lathrop, Clinton
county, Missouri.    Prior to the acquisition of the St.
Joseph & St. Louis Railroad by the Atchison, Topeka
& Santa Fe Railroad, plaintiff had been the local attor-
ney for the St. Louis & St. Joseph Railroad in Clinton
county, at a fixed salary of $600 a year.    In 1888 the
Atchison, Topeka & Santa Fe Railroad bought the St.
Joseph & St. Louis Railroad and made it a part of its
system in this State.    In January, 1889, Gardiner
Lathrop, Esq., was placed in charge of the legal de-
partment of the Atchison, Topeka & Santa Fe for the
States of Missouri and Iowa, and on the eighth of
January, 1889, wrote plaintiff as follows:

"KANSAS CITY, January 8th, 1889.
"*Hon John A. Cross, Lathrop, Mo.*

"DEAR SIR:—The legal department of the St.
Joseph, St. Louis & Santa Fe Railway Company has
been placed in my charge and you are hereby appointed
local attorney for that company of Clinton county,
Missouri.    Reasonable charges for services are to be
made, and bills therefor sent to me from time to time.
In the event of any controversy as to the amount of
any charges, the matter shall be referred to the then
acting general solicitor of the railway company for his
final adjustment.    Please signify your acceptance of
the appointment upon the terms named.    Please make
report to me of all cases now upon the docket of the
courts of Clinton county, in which the railway com-

pany is a party, giving me nature and present condition of the cases.                    Yours truly,

"GARDINER LATHROP, Attorney."

The testimony on the part of plaintiff tended to prove that he declined to accept employment from the new company on the terms offered in Mr. Lathrop's letter but that he went to Kansas City and saw Mr. Lathrop and made an arrangement with him by which Mr. Lathrop agreed to retain plaintiff as attorney for the Atchison & Topeka in Clinton county at the same rate, on the same terms, and he was to have the same authority that he had during his two previous years of employment by the St. Joseph, St. Louis & Santa Fe Railroad, to wit, he should appear for said railroad in all courts in said county, he should investigate all claims brought against it in said county, and if he thought them meritorious he had authority to settle them forthwith; that plaintiff so understanding his agreement with the company, went forward and served the company for the two years sued for and never kept or rendered an itemized account. The plaintiff denied that he had agreed that he would submit an itemized account for the approval of the general solicitor; that Mr. Lathrop did not tell him that no yearly or monthly salaries would be paid attorneys and that defendant would not employ him on that plan. The evidence also tended to show plaintiff's services were satisfactory and assurances were given after they were rendered that the account should be paid in full. On the part of the defendant Mr. Lathrop testified and denied that he made an agreement to pay plaintiff $600 a year for his services. He states that Mr. Cross came to Kansas City to see him after the letter of January 8 had been written and received, but that there was not an intimation that the terms mentioned in that letter were unsatisfactory to Mr. Cross.

Instructions were given and refused as follows:

The instruction to the jury in behalf of plaintiff was as follows:

"The court instructs the jury that defendant admits that it employed the plaintiff as its local attorney for Clinton county, Missouri; therefore if the jury believe from the evidence, facts and circumstances detailed in the evidence, that the defendant agreed to pay plaintiff the sum of six hundred dollars per year for his services as such attorney, and that he entered into the employment of the defendant under such contract and served it as such, then the jury will find from the evidence what length of time plaintiff served defendant under said contract, then the jury will find for plaintiff at the rate of six hundred dollars per year, during the whole time he so served it, with six per cent interest on the amount the jury may find is due plaintiff for services rendered defendant during the years 1889 and 1890, from the third day of January, 1891, down to the present time, and six per cent interest for services rendered the defendant during the year 1891, from the 26th day of August, 1892, down to the present day, and the sum thus obtained will be the amount of your verdict."

At defendant's request the court instructed as follows:

"The defendant does not deny that it employed plaintiff to act as its attorney in Clinton county, nor does it deny that it owes the plaintiff for such services as he performed for it while acting as its attorney, but the question as to which they differ is in respect to the terms of that employment. The plaintiff contends that he was employed by the year at a salary of six hundred dollars per annum. This the defendant denies and contends that the employment was for no specified time and that the compensation was to be de-

termined by the services actually rendered by him for the defendant. The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he was employed by the year at a salary of $600 per annum.

"If the jury believe from the evidence that Gardiner Lathrop, about the 8th day of January, 1889, wrote plaintiff the letter read in evidence, appointing him local attorney for the defendant company in Clinton county, and requested him to signify whether he would accept the employment on the terms proposed, that plaintiff received said letter, and without dissenting from the terms proposed, accepted said appointment, went to Kansas City to see Lathrop and confer with him in respect to the work to be done under said appointment, and took charge of the litigation under the appointment contained in said letter, then the court instructs you that he is not entitled to recover under his petition in this case, and your verdict must be for defendant.

"If the jury believe from the evidence that there was a misunderstanding of the parties as to the terms of the contract employing plaintiff, the one understanding that he was employed by the year at an annual salary, and the other that the plaintiff was employed for no definite time, and was to be paid reasonable compensation for such services as he might render, then the court instructs you that the contract mentioned in the petition was not in fact made, and plaintiff can not recover."

Defendant then prayed the court to give the following instruction, which the court refused to do in its original form, but modified the same by adding the words, "Provided the jury believe from the evidence that plaintiff accepted said employment under the terms of said letter." To which action and ruling of the

court in refusing to give said instruction in the form asked by defendant, and in modifying and giving the same in its modified form, the defendant at the time excepted. Said instruction in its modified form is as follows:

"If the jury find from the evidence that by the terms of the contract by which the plaintiff was employed, as stated in the letter appointing him, it was provided that reasonable charges for services were to be made and bills sent to Gardiner Lathrop from time to time, and in the event of any controversy as to the amount of any charges it should be referred to the then acting general solicitor for the defendant company for final adjustment, then the court instructs you that under said employment the plaintiff was only entitled to be paid a reasonable compensation for the services actually rendered, and it was his duty from time to time to send to said Lathrop bills stating the services rendered by him, making reasonable charges therein for such services, and if you find from the evidence that no such bills had been made out and sent to said Lathrop, then the plaintiff is not entitled to recover, and your verdict should be for the defendant, provided the jury believe from the evidence that plaintiff accepted said employment under the terms of said letter."

The following instructions, which we have numbered 1, 2, 3, 4, 5, 6 and 7, were requested by the defendant and refused:

"1. Under the pleadings and the evidence in this case, the plaintiff can not recover in this case, and your verdict must be for the defendant.

"2. There is no evidence tending to prove that Gardiner Lathrop, as agent of the defendant, had authority from the defendant to make a contract, such as

the one declared on in plaintiff's petition, and your verdict must therefore be for the defendant.

"3. Plaintiff admits that when he negotiated with witness Lathrop concerning the terms on which he would enter defendant's service, that he was advised by said Lathrop that his agency in that regard was limited to the making of a contract for services, to be rendered for reasonable compensation for each actual service to be done by plaintiff, and that bills for such services were to be subject to final approval as respects their reasonableness of the general solicitor of defendant. Therefore, though the jury may believe from the evidence that said Lathrop did contract with plaintiff as alleged in the petition, the verdict must be for the defendant.

"4. It is incumbent upon plaintiff to prove to the jury by a preponderance of the evidence as a part of his case, that Gardiner Lathrop had authority from defendant to make a contract with plaintiff for services, upon the basis of an annual salary.

"5. In determining the issue as to whether there was an express contract between plaintiff and defendant for an annual salary of six hundred dollars, or an employment for services as actually rendered at a reasonable compensation, the jury are entitled to take into consideration the number of terms of the circuit court in Clinton county, Missouri, per year, and the length of each term, and the number of cases on the docket of that court in which the defendant was a party in interest, and the amounts involved therein, and the services rendered by the plaintiff in such cases, and all the other facts and circumstances in evidence.

"6. The defendant company, when it purchased and became the owner of the railroad formerly called the St. Joseph & St. Louis Railroad, had the right to make its own arrangements in respect to the person

or persons who should have charge of the litigation in which it was interested, without regard to the agreements, arrangements or contracts theretofore made by said St. Joseph & St. Louis Railroad in respect to said litigation on its behalf; and in considering their verdict in this case, the jury will disregard all evidence respecting the compensation paid plaintiff by said St. Joseph & St. Louis Company or the arrangements it had made with him respecting the litigation in which it was interested.

"7.   The plaintiff claims that the terms of the contract proposed by Lathrop in his letter of January 8 were ignored, and an entirely new contract for a yearly employment at an annual salary made.   It therefore devolves on him to clearly establish by a preponderance of the evidence to your satisfaction that the new terms of the new contract proposed by him were clearly stated in that interview; that Lathrop knew that the terms stated in his letter were rejected; that he was employing the plaintiff by the year at an annual salary, and consented to abandoning the terms stated in his letter, and agreed to the terms proposed by the plaintiff, and if you find from the evidence that Gardiner Lathrop did not understand that the terms proposed by him in his letter were rejected, and believed that plaintiff had consented to the terms proposed in his letter, and that plaintiff was employed under the same, then the court instructs you that the minds of the parties did not meet, and there was no contract in fact made, and plaintiff is not entitled to recover in this action."

Under the instructions and the evidence the jury found the issues for the plaintiff.   The cause was appealed to the Kansas City Court of Appeals, which affirmed the judgment, but owing to a dissent of one of the judges of that court the cause has been transferred to this court as provided by the Constitution.

I.   Notwithstanding the elaborate briefs and the very extended discussion, the gist of this case lies within very narrow bounds.   The question of fact growing out of the testimony of the plaintiff and defendant as to the amount of compensation plaintiff was to receive for his services must be deemed settled by the verdict of the jury in plaintiff's favor on that point.   It was peculiarly a question for a jury and this court is not authorized to interfere with the action of the jury.   However, while the verdict of the jury was for the plaintiff and against the railroad company, which we can not disturb on a question of fact, it is just to Mr. Lathrop to say that his correspondence with Mr. Cross from the time of the original letter of appointment down to the letter of removal, was entirely consistent with the terms of employment outlined in the original letter.

II.   It is, however, the earnest insistence of counsel for defendant that both the circuit court and court of appeals misconceived the legal effect of the answer of defendant and upon this contention is built the ingenious argument of the learned counsel.   They complain that the circuit court wrongfully and erroneously assumed that plaintiff's employment by defendant was admitted by its answer.   This dispute must be settled by reference to the answer itself.   It begins with these words:   "Now comes the defendant and for answer to the petition of plaintiff herein, admits that it is a corporation as in said petition charged and that it employed plaintiff to act as its local attorney in Clinton county, Missouri, but denies that it ever at any time agreed or promised to pay plaintiff a yearly or monthly salary of any sum or amount."   The circuit court in its instruction for plaintiff in effect told the jury that the employment was admitted and the only question for their determination was the terms of the

contract of employment.    That the circuit court was right in its construction of the admission in the answer seems settled beyond controversy by defendant's instruction in which it prayed the court to instruct and the court did instruct the jury that "the defendant does not deny that it employed plaintiff to act as its attorney in Clinton county nor does it deny that it owes the plaintiff for such services as he performed for it while acting as its attorney, but the question as to which they differ is in respect to the terms of that employment."

In spite of the answer and defendant's own instruction as just quoted, it now raises the question of the failure of proof of Mr. Lathrop's authority to employ plaintiff save upon the terms indicated in Mr. Lathrop's letter of January 8, 1889.    It is argued that the circuit court and court of appeals placed a strict technical interpretation upon the answer and did not construe it altogether.    After a careful reading of the answer and all the criticisms upon the instruction and the analysis of Judge Ellison's opinion, we confess our utter inability to reach a conclusion differing from that reached by the circuit court and the majority of the court of appeals.    The employment is unequivocally admitted, and the terms of remuneration only denied. Now it is a conceded fact that this employment alleged by plaintiff and thus admitted by the answer was effected through Mr. Lathrop, the attorney and counsel of defendant in charge of its legal department in Missouri, and it follows inevitably that Mr. Lathrop's authority to employ plaintiff was admitted and no proof of his authority was required to be made by plaintiff.    We think this is the fair, reasonable construction of the answer.

When defendant offered to show by Mr. Lathrop that he had no authority at that time to make a con-

VOL. 141 mo—10

tract with any local attorney for an annual salary, counsel for plaintiff made the objection that it was wholly immaterial in this case whether he had or had not "because the employment of Mr. Cross is admitted in this answer." The court overruled this objection and plaintiff duly excepted. It is evident that plaintiff construed the answer just as the circuit court afterward did and as the court of appeals did.

This answer tendered but one issue and that was, what were the terms of the agreement between Mr. Lathrop and Mr. Cross? Mr. Cross affirmed he was employed at $600, Mr. Lathrop denied that agreement and averred that Mr. Cross was to be paid reasonable fees for his services upon accounts itemized and approved. Mr. Cross in turn denied Mr. Lathrop's contention. The jury by its verdict found the contract to be as Cross stated it.

We are moreover unable to find in Mr. Lathrop's letter to Mr. Cross any notice of any limitation of his authority to employ local counsel. On the contrary we think it is a notification of Mr. Lathrop's appointment as general counsel of the road in the State of Missouri. In the absence of any notice to the contrary his appointment carried with it the power to appoint necessary assistants in the different counties to effectuate the purposes of his own appointment. What is said as to compensation in that letter is a declaration of his own policy, not an intimation that his powers were limited to a particular method of compensation. We agree with the court of appeals that Mr. Lathrop must be held to have been a general agent of the defendant as to the conduct of its legal business in Missouri and Iowa. The mere fact that Mr. Lathrop was general attorney for Missouri and Iowa and his duties confined to the law department of the railroad within said States, did not make him a special agent.

His authority was general within certain territorial limits to select local counsel to represent the company and he was not confined in number or to particular persons. Such an agency is general in contradistinction to agencies denominated special. The distinction in the books between general and special agencies is sometimes very unsatisfactory. "Whether the authority be general or limited, the servant can not charge the master if he exceeds it. He is of course more likely to transcend the bounds of a narrow than of an extended power; but the principle in either case is the same. Within his commission, he binds his master, beyond it he does not. Whilst, then, we must distinguish clearly between a general agent and a special agent, it is not because there is a diversity in the leading principle which determines the master's liability, but merely in order to adjust the actual measure of it." 1 Minor's Institutes, 206.

In *Butler v. Maples*, 9 Wall. 766, the Supreme Court of the United States defined the difference in these words: "The distinction between the two kinds of agencies is that the one is created by power given to do acts of a class, and the other by power to do individual acts only." Whether, therefore, an agency is general or special, is wholly independent of the question whether the power to act within the scope of the authority given is unrestricted, or whether it is restrained by instructions or conditions imposed by the principal relative to the mode of its exercise."

Holding under the undisputed facts in this case that Mr. Lathrop was the general agent of defendant to conduct its law department in this State and his employment of plaintiff as local attorney for defendant standing admitted by the answer, it must be held that defendant is bound by the agreement which the jury found he made with plaintiff notwithstanding Mr.

Lathrop may have had private instructions as to the character of contracts he should make with local attorneys if plaintiff had no notice of such restrictions upon his power. In this case there is no evidence tending to show plaintiff had any notice of any limitations of Mr. Lathrop's authority to agree upon the compensation which the local attorneys were to receive for their services. The claim that such a notice can be inferred from the letter of January 8, 1889, as already said, is untenable.

The case of *Boogher v. Ins. Co.*, 6 Mo. App. 592, was thought by Judge Gill to be in conflict with the opinion of Judge Ellison in this case. The report of that case is a mere memorandum, but since this case has been transferred to this court a copy of the answer in the *Boogher* case has been filed which discloses that Mr. Boogher was notified by the agent of the insurance company that he had no authority to employ him as general agent except temporarily; that he would recommend him, etc. The issue tendered was that the hiring was in law for a year which the court repudiated. In this case the answer does not aver any want of power in Mr. Lathrop to employ plaintiff other than he was found to have contracted or a plea of notice of such want of authority in plaintiff.

We think there is no conflict between the *Boogher* case and the decision of the majority of the Kansas City Court of Appeals in this case, and the judgment of the court of appeals is affirmed. In reaching this conclusion we have ignored the stipulations and affidavits which were alluded to in argument and briefs. They are no part of the record and we are restricted to the record. This case affords us an opportunity of calling attention to a practice that is likely to become an abuse. When counsel seek and obtain leave to file "additional authorities" it is not meant that they

Coal Co. v. Coal Mining Co.

shall file entirely new abstracts and briefs as has been done in this case. In future all such matter will be ignored. It is unfair practice and will not be encouraged or countenanced. While inclined to be liberal, we are not disposed to encourage a practice like this. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.