VOGEMANN et al. v. AMERICAN DOCK & TRUST CO.  ·

(Supreme Court, Appellate Division, Second Department.   March 12, 1909.)

1. WHARVES (§ 20*)—CARE OF PREMISES.
Owners of a pier who invite people to use it must maintain it in a reasonably safe condition.
[Ed. Note.—For other cases, see Wharves, Cent. Dig. §§ 35–43;  Dec. Dig. § 20.*]

2. WHARVES (§ 20*)—CARE OF PREMISES—EVIDENCE.
Where owners of a pier which had existed for many years knew of the existence and ravages of a worm in the waters of the harbor and failed to inspect the piles below the water line, and the pier collapsed in·consequence of the piles having been eaten away below the surface of the water by such worm, they were guilty of negligence, and liable for damages to a cargo on the pier.
[Ed. Note.—For other cases, see Wharves, Dec. Dig. § 20.*]

3. MASTER AND SERVANT (§ 316*)—INDEPENDENT CONTRACTOR.
Where charterers of a steamship regularly employed stevedores for unloading cargoes and paid them a regular contract price by the ton, with extra charge for tiering above the ordinary height, and the work was done by the men of the stevedores under the supervision of a foreman employed by them, the stevedores were independent contractors, though the charterers' tally clerk was present to keep track of the work and give directions where to put the cargo.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1242;  Dec. Dig. § 316.*]

4. INDEMNITY (§ 13*)—IMPLIED CONTRACT—LIABILITY.
Where one without fault has been held legally liable for damages caused by the fault of another, or where one has been compelled to pay money which in justice another ought to pay, the former may recover from the latter the sums paid.
[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35;  Dec. Dig. § 13.*]

5. INDEMNITY (§ 14*)—CONCLUSIVENESS OF JUDGMENT AGAINST INDEMNITEE.
Where owners of a cargo damaged by the collapse of a pier, negligently maintained by the owner thereof, recovered judgment against the charterers of the vessel from which the cargo was discharged, under their liability as carriers, the judgment established the damages, and the liability of the owner of the pier therefor.
[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 14.*]

6. ATTORNEY AND CLIENT (§ 82*)—NOTICE TO ATTORNEY—EFFECT.
A notice to the general counsel of a corporation respecting a matter in which he is authorized to act for the corporation is notice to it.
[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 147;  Dec. Dig. § 82.*]

7. ATTORNEY AND CLIENT (§ 82*)—NOTICE TO ATTORNEY—EFFECT.
Where the charterer of a vessel sued by owners of a cargo for injuries by the collapse of a pier, owned by a corporation, served on the attorney of the corporation a notice of the suit, and invited the corporation to co-operate in the defense thereof, and that the charterer would hold the corporation liable for any judgment recovered, and the corporation admitted that the attorney was its general counsel, the corporation, to escape liability based on the giving of the notice, must show that the attorney had no authority to receive it on its behalf.
[Ed: Note.—For other cases, see Attorney and Client, Dec. Dig. § 82.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. INDEMNITY (§ 14*)—IMPLIED CONTRACT—NOTICE OF SUIT—SUFFICIENCY.
Notice to the owners of a pier of an action against charterers under their liability as carriers for damages to a cargo by the collapse of the pier on which the cargo was placed, which states the pendency of the suit and invites them to co-operate in the defense, and which states that the charterers would hold them liable for any judgment recovered, is sufficient to render the judgment against the charterers binding on the owners.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 14.*]

Appeal from Trial Term, Richmond County.

Action by Heinrich Vogemann and others against the American Dock & Trust Company. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Samuel P. Goldman (Jas. B. Kilsheimer and John H. Post, on the brief), for appellant.

Everett P. Wheeler, for respondents.

MILLER, J. The plaintiffs were the charterers of the steamship Louise, which undertook to discharge a cargo on the defendant's pier, when a section of it collapsed, throwing a quantity of sugar and hemp seed into the water. The respective owners brought suits against the plaintiffs and recovered judgments, which were sustained by the Court of Appeals. This suit is brought to recover the amount of those judgments, together with the reasonable expenses incurred in the defense of those suits and in the prosecution of the appeals.

It appears, practically without dispute, that about 50 of the piles, upon which the collapsed section of the pier had rested, had been eaten away to a slender core, just above the mud line and below the surface of the water, by a worm, known as the "limnorea." The presence of the limnorea in the waters of New York Harbor and the effect of its ravages had been known for many years. The pier that fell was built prior to 1874. No inspection of the piles below the water line was ever made. A diver could easily have discovered the condition, shown to have existed, by feeling of the piles. The accident occurred in May, 1901. Those facts established a plain case of negligence on the part of the owners of the pier, who invited people to use it and were bound to maintain it in a reasonably safe condition.

The suit was brought against the appellant and Brady & Gioe, stevedores employed by the plaintiffs to unload cargoes, the complaint alleging that the damage was caused in part by the negligence of the defendants Brady & Gioe in improperly loading the cargo upon the pier. The appellant argues that that averment, not denied by it, established the negligence of the stevedores, the plaintiffs' servants, and thus the plaintiffs' contributory negligence. The complaint distinctly alleges that the plaintiffs were free from any negligence causing or contributing to the loss or damage; and it was dismissed as to the defendants Brady & Gioe, on the ground that no negligence was shown. However, it is unnecessary to consider the ingenious argument of the learned counsel for the appellant respecting the effect of the aver-

ments of the complaint relative to the defendants Brady & Gioe, not denied by the appellant, for the reason that the jury have found, under a charge of the court fairly submitting that question to them, that the stevedores were independent contractors; and the court might well have ruled upon the evidence that they were. The evidence discloses that the said stevedores were regularly employed by the plaintiffs for unloading cargoes, and were paid a regular contract price by the ton, with extra charge for tiering above the ordinary height. The work was done by their own men under the supervision of a foreman employed by them. The mere fact that the plaintiffs' tally clerk was present to keep track of the work, or that he gave directions where to put the cargo or for extra tiering, does not change the case. The plaintiffs were concerned only with the result, not with the means or methods employed by the stevedores to attain it.

It is next objected that the judgments against the plaintiffs, being based on their liability as common carriers, cannot be the basis of a recovery over for negligence. The law is settled that, where a person without fault has been held legally liable for damages caused by the fault of another, or where he has been compelled to pay money which in justice another ought to pay, he may be permitted to recover the sums paid from the person whose fault caused the damage and who ought in justice to pay. Oceanic Steam Nav. Co. v. Co. T. E., 134 N Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685; Hoadley v. Dumois, 11 Misc. Rep. 52, 31 N. Y. Supp. 853, affirmed on the opinion below in 155 N. Y. 630, 49 N. E. 1098. The owners of the cargo could not have recovered the judgments against the plaintiffs for negligence, because they were not negligent. They were, however, liable as common carriers; but the judgment in this case establishes the fact that that liability was caused by the defendant's negligence. The plaintiffs, without fault on their part, have been made legally liable for damages, caused by the defendant's negligence. The judgments recovered against the plaintiffs, established the damages sustained by them, and the judgment in this suit established the defendant's liability for those damages. The underlying principles were discussed in the cases cited, supra, and further elaboration of them is unnecessary.

It is next objected that notice and an opportunity to defend were not given the appellant. There is proof of a letter written by the plaintiffs' attorneys to the appellant, which notified it of one suit, invited it to co-operate in the defense of the suit, and gave notice of an intention to hold it liable for any judgment recovered. The appellant's counsel replied to that letter, inviting a conference; and it is undisputed that one or more conferences followed. Two witnesses testified on behalf of the plaintiffs that the defendant's counsel was informed of the second suit, invited to co-operate in the defense of that, and notified that the plaintiffs would look to the appellant for the payment of any judgments recovered. Whether such interviews occurred was fairly submitted to the jury, who have found in the plaintiffs' favor; but it is objected that notice to the counsel was not notice to the appellant. It may be conceded that notice to an attorney employed in a particular

litigation is not notice to his client of matters not pertaining to that litigation. In ruling upon an objection to testimony, respecting the conversation with the defendant's counsel, the court said, "I understood it to be conceded in the testimony of the last witness that Mr. Kilsheimer was the counsel for the American Dock Company," to which the latter replied, "There will be no denial of that whatsoever." The only fair construction to be placed on that language is that Mr. Kilsheimer was the general counsel of the appellant at the time the notice was claimed to have been given, and there is no denial that that was the fact. Notice to him respecting a matter in which he was authorized to act for his employer was notice to the latter. Obviously, if a written notice of the second suit had been mailed to the office of the appellant, it would merely have been referred to its counsel, precisely as the written notice given was referred. The general employment of a lawyer by a corporation to act for it in all legal matters is very different from a special employment in a particular matter. Having made the admission above referred to, the defendant should have proved, if it claimed it to be the fact, that Mr. Kilsheimer did not have authority to receive notice on its behalf; but no such claim was made on the trial. No particular form of notice is required, and it is plain that the notice testified to was sufficient. Oceanic Steam Nav. Co. v. Co. T. E., 144 N. Y. 663, 39 N. E. 360.

There may be some doubt whether the plaintiffs, upon the proof in this record, were entitled to recover the costs of the appeals and the expense of prosecuting them; but the only question raised on that branch of the case relates to the sufficiency of the proof that the disbursements were reasonable, and we think there was sufficient evidence on that head to support the verdict.

We have examined the numerous exceptions called to our attention by the appellant's brief, and find nothing requiring discussion in addition to what has already been said.

The judgment is affirmed.

Judgment and order unanimously affirmed, with costs. All concur.