## ST. LOUIS & S. F. R. CO. v. LEGER MILL CO.

### No. 4933.   Opinion Filed February 15, 1916.

### (155 Pac. 599.)

1. **ATTORNEY AND CLIENT—Settlement by Attorney—Authority —Presumption—Evidence.** Where an action between a shipper and a railroad company to enforce a compromise and settlement of a certain damage case between the same parties, which, it was alleged, was agreed upon by counsel for the respective parties, was tried upon the theory that it was governed by the general law applicable to the power of attorneys to settle or compromise actions on behalf of clients, it is not to be presumed that when local counsel for the railroad and its attorney for the state assume the right to exercise such power, and do exercise it, this is done without lawful authority; and slight evidence, in such a case, will be sufficient to take the case to the jury on that question.

2. **SAME.** Evidence examined, and **held** sufficient to take to the jury the question of whether local counsel for the railroad was authorized, by its attorney for Oklahoma, to compromise the action for damages, and whether the local counsel and the attorney for Oklahoma were clothed with the power they assumed to exercise.

3. **COMPROMISE AND SETTLEMENT—Instructions.** Instructions to the jury examined, and **held** to be substantially correct.

4. **ATTORNEY AND CLIENT—Principal and Agent—Unauthorized Act—"Ratification"—Pleading and Proof.** "Ratification" is equivalent to an original grant of authority. The situation of the parties is the same as if the plaintiff had induced the contract in the first instance, through an agent duly appointed for the purpose. Proof of ratification includes proof of agency and authority, and may be made under a pleading charging the ratified act to be that of the principal.

5. **APPEAL AND ERROR—Harmless Error—Instructions—Evidence.** After an examination of the entire record, it does not appear that the errors complained of, based upon misdirection of the jury, or the improper admission or rejection of evidence, have probably resulted in a miscarriage of justice, or constitute a violation of any constitutional or statutory right.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*Frank Mathews, Judge.*

Action by the Leger Mill Company against the St. Louis & San Francisco Railroad Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*A. E. Helm* and *Everett Petry* (*Chester I. Long* and *A. M. Cowen,* of counsel), for defendant in error.

KANE, C. J.    This was an action, commenced by the defendant in error, plaintiff below, against plaintiff in error, defendant below, for the purpose of enforcing a compromise and settlement which, it was alleged, was agreed upon by counsel for the respective parties in an action for damages between the same parties, theretofore pending in the United States District Court for the Western District of Oklahoma.   Upon trial to a jury there was verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

Hereafter the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The grounds for reversal which we deem it necessary to notice in detail may be summarized as follows:    (1) The trial court erred in overruling the motion for a directed verdict in favor of said defendant; (2) the trial court erred in admitting certain incompetent, irrelevant, and immaterial testimony offered in behalf of said plaintiff; (3) the trial court erred in giving to the jury certain instructions over the objection of the defendant; (4) the

trial court erred in refusing to give certain instructions requested by the defendant.

As there seems to have been no serious controversy between the parties in the court below as to the general law governing the power of attorneys to compromise their clients' cases, it is sufficient to say of the first assignment of error that we have examined the evidence contained in the record before us with care, and are of the opinion that it was sufficient to take to the jury the question whether Stevens, the local counsel of the company in charge of the damage suit, was authorized by Kleinschmidt, its "attorney for Oklahoma," to compromise and settle the same, and whether Stevens and Kleinschmidt were clothed with the power they assumed to exercise. In this court counsel for defendant contend that a general employment of a lawyer by a corporation to act for it in all legal matters is different from a special employment in a particular matter, and cite in support thereof the following authorities: *Vogemann v. American Dock & Trust Co.*, 131 App. Div. 216, 115 N. Y. Supp. 741, affirmed in 198 N. Y. 586, 92 N. E. 1105; *Cochburn v. Commercial Men's Ass'n*, 163 Iowa, 28, 143 N. W. 1006; *Cross v. A., T. & S. F. Ry. Co.*, 141 Mo. 132, 42 S. W. 675. As the trial court seems not to have recognized a difference, but submitted the case to the jury under the general rule, which was more favorable to the defendant, it is not necessary to pass upon that question in this case. In the case of *Railroad v. Scott*, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758, where the general rule, as in the trial court in the case at bar, was applied to a railroad case, it was held:

"While an attorney, by virtue of his employment, has not authority to make a compromise of an action he is employed to prosecute or defend, it is not to be presumed,

when one so situated assumes the right to exercise such a power, and does exercise it, that this was done without lawful authority; and but slight evidence, in such a case, may be sufficient to authorize the belief that he was clothed with all the power he assumed to exercise."

This seems to us to be a just and reasonable view to take of the evidence in examining it for the purpose of determining whether the trial court erred in overruling the motion of the defendant for a directed verdict.

Under its next assignment of error, the defendant complains of instruction No. 6, which reads as follows:

"You are further instructed that a compromise and settlement, when full and complete and clearly made, operates as a merger of and bars all right to recover on all claims and causes of action included therein, and the rights of the parties are thereafter fixed and limited by the compromise and agreements made and accepted by and between the parties to said compromise, and where one of the parties to said compromise purposes to accept an amount less than the full amount claimed by him, and the other party to said compromise accepts such proposition and agrees to pay such sum as a compromise and settlement of the controversy, such proposition and acceptance constitute a valid contract and agreement between the parties which may be enforced the same as other agreements."

The ground of complaint is that this instruction was not predicated upon any issue in the case raised by the pleadings. It seems to us that this position is wholly untenable. The theory of the plaintiff's case is that it made a settlement and compromise with the defendant, which the defendant thereafter declined to carry out. Whether there was a settlement or not was the identical issue in the case, and the purpose of the instruction was

merely to inform the jury as to the law governing the effect of a compromise, if they found from the evidence that a compromise had been agreed upon. This certainly is unobjectionable. Under the same assignment of error the defendant also complains of instruction No. 8, which reads as follows:

"You are further instructed that if you find from a preponderance of the testimony that the attorney who acted for the defendant in making said settlement and compromise (if you find that such compromise and settlement was made), had acted as attorney and agent on behalf of the defendant in making various other settlements and compromises on behalf of the defendant, and that such settlements had been accepted and paid by the defendant, and that the plaintiff or its authorized attorneys knew of such relation, acts, and authority of the said attorney for the defendant in making such settlements and compromises, the plaintiff would, in that case, have a right to rely upon the authority of such attorney to make such compromise, and the authority of such attorney for the defendant would be presumed, unless the plaintiff had been notified to the contrary."

On this instruction counsel say in their brief:

"Plaintiff pleads that the alleged contract of settlement was made by virtue of special authority from Mr. Kleinschmidt, and admits that Mr. Stevens did not have authority to make settlement. Therefore evidence respecting other settlements made by Mr. Stevens was incompetent, and the instruction of the court submitting that issue to the jury was erroneous. * * * The instruction is fatally defective and erroneous, in that the jury was instructed that the authority of the defendant's attorney to make the settlement would be presumed, if they found that he had acted as agent for the defendant in making other settlements."

The evidence discloses that the alleged settlement was made in substantially the following manner: Stevens, the local counsel for the road, in charge of the case in which the settlement was pending, admittedly had no authority to enter into a compromise for his client. Knowing this, counsel agreed to call up Kleinschmidt, the state "attorney for Oklahoma" of the road, and present the offer of compromise to him, which was done; the settlement being completed by Stevens after having received authority to act from Kleinschmidt. There was evidence to the effect that Stevens had settled some 200 claims of the railroad company in identically that way, and that such settlements had never been questioned. We think that this evidence was material on the question of authority, and that instruction No. 8 was properly given to cover this phase of the case. Under the same assignment counsel for defendant also complains of instruction No. 9, which reads as follows:

"You are instructed that, if you find from the evidence that W. C. Stevens, acting as local attorney for the defendant company, at Lawton, Okla., and the plaintiff's attorney entered into an agreement for the settlement of the matter in dispute between the parties, before you can find for the plaintiff, you must further find that the said W. C. Stevens had authority to make said agreement, or you must find that the said W. C. Stevens submitted said settlement and agreement to some attorney, whom you must find did have authority to make and agree to a settlement, on the behalf of the defendant; and, if you find from the evidence that the said W. C. Stevens submitted said proposition of settlement to such other attorney of said defendant, and should you find that said other attorney had authority to make settlement and compromise, upon the behalf of the defendant, and should you find that said other attorney, having full authority to agree to

said compromise and settlement, also had full knowledge of said agreement, and afterwards accepted the same, and so notified the plaintiff, your verdict should be for the plaintiff in such sum as you may find that the defendant agreed to pay, if anything; and if you do not so find, then your verdict will be for the defendant."

Of this instruction counsel for plaintiff in error say in their brief:

"Plaintiff relies upon the compromise made and entered into with W. C. Stevens on the 24th day of October, 1910, and claims that the said Stevens had express authority on that day to consummate such agreement on behalf of the defendant, and does not rely upon ratification of same by any one authorized to bind the defendant, but this instruction, we submit, submitted to the jury the question of whether or not the alleged settlement, made and entered into on the 24th day of October, 1910, was afterwards actually ratified and accepted by some attorney representing the defendant. This, we submit, was error."

The objection counsel urge against this instruction is that it states the effect of subsequent ratification by an attorney who admittedly had authority to compromise cases upon the alleged agreement to settle formerly made, the plaintiff not having relied upon ratification by specially pleading the same. The petition filed herein alleges, in substance, that the settlement was made by the railroad company, and that counsel for the plaintiff and the defendant railway company had been duly empowered to act for their respective clients. The applicable rule is stated in 2 C. J. 906, as follows:

"Ratification by a principal of an unauthorized act of his agent being equivalent to prior authority, a third party, relying on proof of ratification to maintain his cause of action against the principal, need not, as a general rule, allege it specially in order to take advantage of it."

The same rule is stated in 16 Enc. of Pl. & Pr. 904, as follows:

"In an action against a principal for an act of an agent not within the scope of his authority, but which has subsequently been ratified, the ratification is equivalent to an original authority, and it is unnecessary to plead it specially."

In 31 Cyc. 1635, the rule is stated as follows:

"Proof of ratification includes proof of agency and authority, and may be made under a complaint charging the ratified act to be that of the principal, or under an averment in the pleading that the agent acted by due authority."

In *Aultman Co. v. Knoll*, 71 Kan. 109, 79 Pac. 1074, the rule is stated as follows:

"Ratification is equivalent to an original grant of authority. The situation of the parties is the same as if the plaintiff had induced the contract in the first instance, through an agent duly appointed for the purpose. Proof of ratification includes proof of agency and authority, and may be made under a pleading charging the ratified act to be that of the principal."

Under the next assignment of error counsel say the court erred in refusing to give to the jury the following requested instruction:

"You are instructed that an attorney, under his general retainer has not implied power to settle and compromise his client's cause of action, except when confronted by an emergency, and prompt action is necessary to protect the interests of the client, and there is no opportunity for consultation with him, and unless you find from the evidence that Mr. W. C. Stevens was clothed with special authority to settle the case of Leger Mill Company against the St. Louis & San Francisco Railroad Company, which was pending in the federal court, or that an emergency

existed requiring prompt action on the part of Mr. Stevens to protect the interest of the defendant railroad company, then the plaintiff has failed to establish such a case as entitled it to recover."

The court gave this instruction, but modified it by adding the following:

"Unless you find for the plaintiff under instructions hereinafter given."

Counsel say that the instructions referred to in this modification are evidently Nos. 8 and 9 of the court's general instructions; and, as those instructions were erroneous, it was error to refer to them approvingly. As we have heretofore placed the stamp of approval upon instructions Nos. 8 and 9, of course, this contention must fail.

On the whole, as to errors based upon misdirection of the jury, or the improper admission or rejection of evidence, it is sufficient to say that, after an examination of the entire record, it does not appear that the error complained of probably resulted in a miscarriage of justice or constitutes a violation of any constitutional or statutory right. In such circumstances, it is provided by statute that no judgment shall be set aside or new trial granted. Section 6005, Rev. Laws 1910; *Mullen v. Thaxton*, 24 Okla. 643, 104 Pac. 359.

Finding no reversible error in the case, the judgment of the court below is affirmed.

All the Justices concur.