## CHOWNING v. LEDBETTER.

No. 10338—Opinion Filed June 27, 1922.

(Syllabus.)

1. **Appeal and Error — Harmless Error — Rulings on Evidence.**

If, after an examination of the entire record, it does not appear that the errors complained of, and being based upon misdirection of the jury or the improper admission or rejection of evidence, have probably resulted in a miscarriage of justice or do not constitute a violation of any constitutional or statutory right, said cause will not be reversed for such errors.

2. **Attorney and Client — Action for Fees Against Party Compromising With Client —Statute.**

In a suit seeking to recover reasonable compensation for his services in a former suit by an attorney against several parties who were defendants in the former suit in which said attorney was employed, for the reason that said defendants had compromised and procured a dismissal of said suit with the attorney's client without notice to said attorney and without his consent, where, upon a trial of said cause the undisputed evidence developed that three of the defendants had nothing to do with the settlement of said former suit, and the suit by said attorney was dismissed as to them, but judgment in favor of said plaintiff, attorney, for full compensation was procured against the defendant who negotiated the settlement and secured the dismissal of the suit, such dismissal of said defendants gave no ground for complaint or plea of error by such compromising defendant because of such dismissal nor by reason of the attorney securing judgment against the said compromising defendant for the full amount of the reasonable compensation for his services in the original suit; since, under section 249, Rev. Laws 1910, the party settling or compromising is the one who is liable to the attorney for the reasonable compensation for services performed in connection with said former action.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by H. A. Ledbetter against R. H. Chowning and others, to recover for services as attorney. Judgment for plaintiff, and defendant Chowning brings error. Affirmed.

Charles A. Coakley and Thos. Norman, Jr., for plaintiff in error.

H. M. Furman, R. H. Ledbetter, Ledbetter, Stuart & Bell, and Cruce, Potter & Cruce, for defendant in error.

ELTING, J. This suit was commenced in the district court of Carter county by H. A. Ledbetter on the 12th day of January, 1917, against R. H. Chowning, J. E. Crosby, James P. Little, and W. H. Harrison, wherein H. A. Ledbetter alleged he was employed under a written contract during the year 1915, to represent one Atchison Hickman in a suit filed by the said Hickman against the above named defendants, which suit was for the purpose of canceling of record certain deeds, oil and gas leases, and other conveyances affecting the lands of said Hickman, and which contract of employment was regularly recorded in the office of the county clerk of Carter county, and that thereafter said Ledbetter in pursuance of the obligations and duties due the said Atchison Hickman under and by virtue of said written contract, prepared the pleadings and filed said suit in the district court of Carter county, Okla., and on the petition filed made the following indorsements:

"Lien claimed by H. A. Ledbetter, attorney for Atchison Hickman. Dated 11-20-15."

Under said contract of employment the said Ledbetter was to receive 33 1-3 per cent. of the value of the land, together with one-third of all the oil produced and saved therefrom and recovered in said court. The plaintiff claimed the reasonable value of his services rendered to have been in the sum of $15,000, and that afterwards, and without the knowledge or consent of H. A. Ledbetter, the defendants entered into negotiations with the said Atchison Hickman and settled with him and without the consent of Ledbetter dismissed said suit with prejudice as to all the defendants.

The defendants filed demurrers, and also a motion to strike. The motion and demurrers were overruled by the court, and defendants filed answers. The cause proceeded to trial before a jury, and after the introduction of evidence and the instructions of the court the jury returned a verdict in favor of H. A. Ledbetter and against R. A. Chowning in the sum of $5,000.

The suit as to J. E. Crosby was dismissed prior to the verdict by H. A. Ledbetter, and the court instructed a verdict, which was returned by the jury; in favor of Little and Harrison.

It appears that Crosby's interest and the interests of Little and Harrison were in the form of oil leases taken from Atchison Hickman prior to the time that Hickman had conveyed his interests in said land and oil royalties to R. H. Chowning. The suit by Hickman against the four defendants, and in which Ledbetter represented him as attorney, had for its purpose the cancellation of the conveyance by Hickman to Chowning of the fee and oil royalties and also of the leases owned and claimed by Crosby, Little, and Harrison.

The defendant, R. H. Chowning, filed a motion for a new trial, same was overruled, and whereupon Chowning gave notice of appeal, and appeal is now lodged in this court.

The journal entry of the court overruling the motion for a new trial rendered personal judgment in the sum of $5,000 in favor of H. A. Ledbetter against R. H. Chowning, and at the same time declared a lien to secure the payment of said judgment to exist in favor of H. A. Ledbetter upon the interest of Chowning, which interest was defined in the journal entry to be the fee-simple title in the land and a one-eighth royalty interest in all oil produced under the leases; and foreclosed said lien, and directing the sale of the interest of the said Chowning in and to said lands and oil interests in the event said judgment was not paid, for the purposes of satisfying said judgment.

In the trial of said cause, H. A. Ledbetter introduced witnesses to prove the reasonable value of his services. Among those witnesses were certain attorneys who testified the services rendered by Ledbetter in said suit were of the value of $5,000. The nature of the services rendered to Atchison Hickman in the filing of said suit and preparation of same was also testified to by Ledbetter in the suit. There were also witnesses introduced by Ledbetter testifying that the value of the property involved was from $150,000 to $200,000, based upon a production of 100 barrels of oil per day. The introduction of this proof was objected to by the defendant for the reason that no proofs had been offered showing this or any other amount or production. This proof was permitted upon promise of Ledbetter to make proof of the production. The proofs that were introduced afterwards as to production consisted in this: That there were developed eight producing wells on the property; but there nowhere appears in the record any proofs as to how much the

production was. It does not appear in the record that this evidence based upon the 50 to 100 barrel production was requested to be withdrawn from the jury. There was also proof that the property without production, but by reason of its proximity to production, was worth from $40,000 to $50,000.

The defendant below, R. H. Chowning, will hereinafter be referred to as plaintiff in error, and H. A. Ledbetter, plaintiff below, will hereinafter be referred to as defendant in error.

The errors complained of are discussed by the plaintiff in error under five propositions, and we will take them up in their order and dispose of them as follows:

The first proposition covering the assignments of error is that the court committed error in the giving of instruction No. 5, and because the court failed in said instruction to limit the amount of recovery to one-third of the fee fixed in the contract of employment, which was fixed at one-third of the value of the property. Said instruction reads as follows:

"In determining the value of the services of the said H. A. Ledbetter, you are instructed that it is your duty to consider his ability, standing, and experience, and his reputation as an attorney in the prosecution of actions of the kind disclosed by the evidence, and you are further instructed to consider the nature of the controversy, the questions involved therein, necessity of his services, the importance of the litigation, the value of the property involved, the time and labor expended by him under his contract of employment, together with investigations made by him on the legal questions involved, and from the consideration of all the evidence introduced in this case, it is your duty to return a verdict in favor of the plaintiff, for an amount in your judgment which will be reasonable compensation for services performed by him in connection with the action brought under his contract of employment, not to exceed $15,000."

We think that this instruction gives a correct rule for arriving at the amount of plaintiff's recovery. The pertinent section of our statute bearing upon this question is section 249, Rev. Laws 1910, and reads as follows:

"Compromise Without Notice to Attorney. Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved any lien, as mentioned in the preceding sections hereof, without a satisfaction of the attorney's claim, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment, to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit. After judgment in any court of record, the attorney's lien herein provided, for a recovery of what might be rea the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment."

There was a former section of the statutes, being section 4 of attorney's lien law, found in Session Laws of 1909, which provided for a recovery of what might be reasonably supposed would have been recovered under the contract; but under the lien law as provided in Revised Laws of 1910, section 4 appears to have been repealed, and the attorney's lien statute, as it stood at the time of the transaction in the instant suit, is interpreted in the case of the Oklahoma Coal Co. v. Hays, 71 Oklahoma, 176 Pac. 931. The following is taken from the body of the said opinion, page 932:

"The measure of liability under section 249 is different from that under chapter 4, Session Laws 1909, in that the recovery by the attorney is limited to reasonable compensation for the services actually rendered, and the liablity of the adverse litigant who compromises the suit or proposed action does not depend upon the amount due or to become due in the event the litigation is prosecuted to a final determination, but the clear intent of the section is that liability attaches upon the compromise of the cause of action to the extent of a reasonable compensation for the services performed, and it was not necessary for plaintiff to show that his client would have recovered in the original proceeding. When he showed the contract of employment, the commencement of the proceedings, claim of lien, and the settlement and dismissal thereof, facts were presented which fixed a liability upon defendant, leaving only for consideration the amount which plaintiff was entitled to recover."

It appears from the reading of this first assignment of error of the plaintiff in error that the argument is that the failure of the court to limit the amount that could be recovered to one-third of the value of the land would constitute reversible error, and we conclude that they base this argument on the language of section 249, being the part reading as follows:

"Such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment."

It is possible to interpret this language of said section to mean that the attorney can only recover as his maximum recovery

the amount fixed in the contract, but we are not deciding this proposition in this case. We are so refusing for two reasons: One is that we do not find in the record where it was requested of the trial court that he instruct to limit his recovery to one-third of the value of the land, and having failed to request such instruction, they cannot now object. But even if it be held that it was the duty of the trial court to give such instruction upon its own motion, and that it would be fundamental error for the court to fail to give said instruction, yet, under the state of this record, we would still hold that the failure to give such instruction would not be grounds for reversal, for the reason that no injury to the plaintiff in error could arise from such failure. The undisputed evidence in this case shows that this property was worth at least $40,000, and the amount of recovery being $5,000, and a great deal less than one-third of such value, the plantiff in error cannot show injury in the failure to give such instruction. Hence, under section 6005, Rev. Laws 1910, no reversible error can be predicated upon such a record.

The second proposition covering the assignments of error is that the court committed error in failing to advise the jury as to the date to find the value of the land for the purpose of fixing the fee. The fixing of the value of the land is not the crux of this suit. The only purpose of introducing the value of the property is to fix a basis for estimating the value of the services, and the law books lay it down that the jury has a right to take into consideration the value of the property involved in the litigation in fixing the fee; and in fixing the value of the land for such incidental purpose, we hold that it does not constitute reversible error to fail to require the fixing of the date when the value was placed on the land. It is, no doubt, always the best method to fix the time such values are placed, but failure to do so, under the state of this record, would be held harmless error.

The third proposition covering the assignments of error is that the court erred in allowing witnesses to testify to the value of the land, assuming 50 to 100 barrels production, when there is no testimony in the record showing whether the land produced one or 100 barrels of oil. It is true that the record does not show the amount of production. It does show that there were eight producing wells. The evidence shows that the land had a value of from $40,000

to $50,000. The record shows that several witnesses testified that the services were worth $5,000. This proof was by attorneys.

In the case of Oklahoma Coal Co. v. Hays, heretofore cited, the following is stated:

"The usual method of proving the value of professional services where the value thereof is in issue is by calling attorneys acquainted with the customary charges for such services and proving by them the price usually charged and received for such services by other attorneys in the vicinity and practicing in the court where the services were rendered, but such testimony is not necessarily conclusive upon either the court or jury trying the case."

See, also, 6 C. J. 763, sec. 354.

The plaintiff below, defendant in error herein, used several methods of proving the value of his services.

After the defendant in error had failed to make proof of the actual production, the evidence that the property was worth from $150,000 to $200,000, based on from 50 to 100 barrel production of oil, should have been withdrawn from the jury, and no doubt this would have been done if it had been requested of the court, but we do not find in the record where this was requested.

There is ample proof in the record to sustain the verdict and judgment of the court, and we are unable from an examination of the record to conclude that this error worked injury to plaintiff in error.

The following is taken from St. Louis & San Francisco Ry. Co. v. Leger Mill Co., 53 Okla. 127, 155 Pac. 599:

"After an examination of the entire record, it does not appear that the errors complained of, based upon misdirection of the jury or the improper admission or rejection of evidence, have probably resulted in a miscarriage of justice, or constitute a violation of any constitutional or statutory right."

To the same effect are Armstrong v. Poland, 56 Okla. 663, 156 Pac. 220; Horton v. Early, 39 Okla. 99, 134 Pac. 436, and numerous other opinions by this court.

We will discuss and pass upon the fourth proposition of the assignments of error as involving the question of error, as contended by the plaintiff in error, committed by the trial court in failing to limit the recovery of defendant in error, plaintiff below, against the plaintiff in error de-

fendant below, to the interests of the plaintiff in error in the lands involved in the suit of Hickman v. Chowning et al.; and that the court committed error in giving instructions Nos. 4 and 5 and refusing defendants' requested instruction No. 2. The plaintiff in error does not urge any error in this brief as to refusal of trial court to give his requested instruction No. 1, hence abandoned.

Instruction No. 4, given by the trial court and complained of by the plaintiff in error, instructed the jury to return a verdict for the defendant in error, plaintiff below, and closed in the language of section 249, that we have heretofore given and discussed and defining the basis of an attorney's recovery.

Instruction No. 5 we have heretofore given in this opinion, and defines the line of proofs upon which a reasonable attorney's fee may be determined.

This defendant in error, plaintiff below, could only sustain this suit against the party to the litigation who had settled and compromised without giving him notice, and under the terms of said section 249, such a party becomes liable to the attorney to the extent of a reasonable compensation for his services. The plain import of the language of said statute is such as to make the compromising party liable for the value of the entire service.

Besides, there is a just and good reason why this should be so. This will appear when the facts of this case are considered. The facts in this record show that R. H. Chowning settled with Atchison Hickman without notice to the defendant in error or giving him any opportunity to be present to represent his interests, and as a result of such settlement the entire suit was dismissed with prejudice, as against all the defendants, by Hickman. This destroyed every possibility of Ledbetter's recovering any compensation through the instrumentality of said suit, and the other parties defendant to said original suit having shown that they had no connection with the said compromise and that they were innocent of any wrong against the defendant in error, they could not, under said statute, be held to any liability. Therefore, if the theory of the plaintiff in error would be accepted in this case, the result would be that the defendant in error would be denied the major portion of his right of recovery.

We do not think that this is the purpose and intent of the statute. The party who perpetrates the compromise or is instrumental in doing so, without notifying the attorney as stated in the statute, becomes liable to the attorney to the extent of reasonable compensation for his services performed.

The fifth proposition involved an assignment of error based upon the giving of instruction No. 3 by the trial court, which absolved Harrison and Little from liability. We do not think the plaintiff in error is in a position to object to said instruction of the court as against the defendant in error, for the reasons we have already expressed in discussing the other assignments of error. The undisputed evidence shows that Harrison and Little had nothing to do with said settlement.

Finding no error in this record, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.